UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cr-20341-ALTMAN

UNITED STATES,

*v.*

ROLANDO RAMIREZ,
RASHEED ALI, *and*
TAMRAT MASON,

     *Defendants.*

_____/

## ORDER FOLLOWING MOTION HEARINGS

On April 21, 2025, the Court held a hearing on all outstanding notices and motions. *See* Paperless Minutes [ECF No. 205]. On April 24, 2025, the Court held a second hearing on a few issues that remained outstanding after the first hearing. For the reasons set forth at both hearings, we **ORDER** and **ADJUDGE** as follows:

1. The Defendants' Motion to Dismiss the Superseding Indictment [ECF No. 140] is **GRANTED in part and DENIED in part**. After the first hearing, we denied the Motion as to Counts 1–6, but we directed the Government to file a bill of particulars as to Counts 7 and 8. We instructed the Government to detail *exactly* which statements each Defendant is alleged to have made that "knowingly and corruptly persuade[d] another person," *see* Superseding Indictment [ECF No. 102] at Count 7 ("Witness Tampering"), or "corruptly influence[d], obstruct[ed], and impede[d] the due and proper administration of justice," *see* Superseding Indictment at Count 8 ("Obstruction of Justice"), as well as when and to whom those statements were made. Although the Government filed a Bill of Particulars [ECF No. 207], it was unable to properly plead Count 8. We therefore **DISMISS** Count 8 as to all Defendants. As discussed at the second hearing, however, the

Government may file a second bill of particulars by **April 25, 2025**, adding a few details to Count 7.

2.  The Defendants' Motion to Compel Disclosure of *Giglio* Evidence [ECF No. 142] is **GRANTED**.

3.  The Defendants' Motion *in Limine* [ECF No. 143] is **GRANTED in part** and **DENIED in part** as follows:

    a.  Section I.A of the Motion (which moves to exclude evidence of certain alleged criminal acts unrelated to this case) is **GRANTED**;

    b.  Section I.B of the Motion (which moves to exclude lay-witness testimony regarding the meaning of the plain-English portions of any transcribed phone calls or text messages) is **GRANTED**;

    c.  Section I.C of the Motion (which moves to preclude the Government from mentioning other federal criminal prosecutions against Defendant Rolando Ramirez and Defendant Rasheed Ali) is **GRANTED** as to Ramirez but **DENIED** as to Ali;

    d.  Section I.D of the Motion (which moves under Federal Rule of Evidence 609(b) to preclude the Government and all witnesses from mentioning any of Ramirez's prior convictions and, separately, to prohibit the Government from mentioning a prior Florida-state prosecution against Ali) is **GRANTED** as to Ramirez but **DENIED** as to Ali;

    e.  Section I.E of the Motion (which moves to exclude evidence that Ali purchased over thirty firearms and that he used a straw purchaser to acquire them) is **GRANTED** as to evidence that Ali purchased over thirty firearms but **DENIED** as to evidence that Ali used a straw purchaser to acquire firearms; and

  f. Section I.F of the Motion (which moves to exclude evidence that Ali and Defendant Tamrat Mason distributed marijuana and that the home of their erstwhile co-conspirator, Jaime Serrano, was at some point burglarized to recover marijuana-related money he allegedly stole) is **DENIED** as to evidence that Ali and Mason distributed marijuana, but **GRANTED** as to any implication that Mason's involvement in distributing marijuana led him to solicit services from Serrano, and Mason's counsel may propose a limiting instruction to that effect.

4. The Government's Motion *in Limine* [ECF No. 150] is **GRANTED in part** and **DENIED in part** as follows:

  a. Section I of the Motion (which moves to admit lay-witness testimony from an FBI agent summarizing and plotting certain cellphone data) is **GRANTED**;

  b. Section II of the Motion (which moves to introduce excerpts of transcripts of certain telephone calls made by the Defendants) is **GRANTED in part** and **DENIED in part** as set forth at the second hearing;

  c. Section III of the Motion (which moves to introduce a statement made by Ramirez's wife during a settlement conference regarding the financial health of their business) is **GRANTED**, but the Defendants may re-raise any objections they made at the hearing as appropriate;

  d. Section IV of the Motion (which moves to preclude any argument or examination that the Government provided any benefit to a certain inmate witness) is **GRANTED**;

  e. Section V of the Motion (which moves to exclude certain court filings) is **GRANTED in part** and **DENIED in part** as follows:

   i. With respect to filings from the federal civil action in which Ramirez sued the victim, the Defendants may introduce the settlement agreement reached in that

action, but not any complaint and not the document in which (according to Ramirez's counsel) the victim "explained his side of the story," except that the Defendants may move during trial to introduce those documents for impeachment purposes as appropriate; and

ii. With respect to filings from *United States v. Jimenez*, No. 22-cr-20389 (S.D. Fla.), the Defendants may not introduce the indictment or any motions *in limine*, but they may cross-examine Serrano about his charges, his conviction, his sentence, his conduct in procuring a falsely exculpatory letter from Jimenez, and anything he hopes to gain from testifying—just as they may cross-examine Jimenez about his charges, his conviction, his sentence, the false letter he composed, and his plea agreement and proffer; and

f. Section VI of the Motion (which moves to exclude pictures of, and any reference to, Ali's and Mason's family members) is **GRANTED**.

5. To the extent we haven't already ruled on it, the evidence in the Government's Sealed Notice of Intent to Rely on Evidence Pursuant to Federal Rule of Evidence 404(b) [ECF No. 112] is **ADMITTED in part** and **EXCLUDED in part** as follows:

a. The evidence in sections I and II of the Notice may be **ADMITTED**, but Mason must prepare a limiting instruction as discussed at the hearings; and

b. The evidence in section III of the Notice may be **ADMITTED**, except that evidence regarding Ramirez's alleged influence with the police is **EXCLUDED**.

**DONE AND ORDERED** in the Southern District of Florida on April 28, 2025.

ROY K. ALTMAN
UNITED STATES DISTRICT JUDGE

cc:      counsel of record

5